JONAS N. PHILLIPS *v.* THE MAYOR, ALDERMEN AND COMMON-
ALTY OF THE CITY OF NEW YORK.

The provision of the amended charter of the city of New York, passed April 14th,
1857, that "no member of the common council shall receive any compensation
for his services as such member," applies to members elected before the passage
of that act, and deprives them of compensation for all services rendered after the
act took effect.

The act is not unconstitutional.

I. It is neither a private nor local bill, and does not come within the provision of the
constitution, that no such bill shall embrace more than one subject, and which shall
be expressed in the title.   Art. 3, § 16.   A statute cannot be termed local or
private which provides for the government of a considerable portion of the terri-
tory and population of the state, delegating powers of legislation. and authorizing
the passage of laws, as well as the administration of them, which, in their opera-
tion, affect all the citizens of the state, who, either in their persons, come within
the range, or whose property is within the limits, of that jurisdiction.

II. Nor can the provisions of the amended charter be said to be of more than one
subject.   The section prohibiting aldermen from acting as judges of the Courts of
Oyer and Terminer and Sessions, is proper and consistent with the other provisions
of the act, and a necessary part of the new system thereby created.

III. The section providing a punishment for bribery offered to or committed by an
officer of the city is not a subject separate from or unconnected with the other
provisions of the charter, within the meaning of the constitution.

IV. If there were any doubt upon these points, it would not be necessary to declare
the whole act void.   So much as is consistent with the title would be sustained,
and the remainder only invalidated.

V. Nor is it any objection to the constitutionality of the charter, that by the 44th
section it takes away the compensation of an officer during his term of office.
There is no doubt of the power of the legislature to do this.

The 54th section of the charter, providing that no right accrued before the act took
effect should be prejudiced thereby, does not apply to prospective compensation
of public officers, not then earned.

CASE submitted without controversy on an agreed statement of facts, under section 372 of the Code. The facts were substantially as follows : Jonas N. Phillips and Jesse Mitchell were, in November, 1856, elected councilmen, the one from the seventeenth and the other from the forty-third council district. They qualified as required by law, and entered upon the discharge of their duties. By the charter then in force, councilmen received four dollars for each day in which they sat in the common council. In April, 1857, and while Phillips and Mitchell were still in the common council, an act amending the city charter was passed. This amended charter provided (§ 44) that " no member of the common council shall receive compensation for his services as such member." This act took effect the 1st of May, 1857. Jonas N. Phillips and Jesse Mitchell remained in the common council; and they claimed compensation for eight days' attendance thereon, subsequent to the 1st of May, for which the city refused to pay. Mr. Mitchell assigned his claim to Jonas N. Phillips. The questions submitted to the court were as follows :

*First.* Whether the act of April 14th, 1857, is not void, as being in violation of the constitution of the state of New York ?

*Second.* Whether it is not unconstitutional in so far as it seeks to take away (if it does so) the compensation of councilmen elected under the law of April 12th, 1853 (amended and confirmed by the act of June 14th, 1853), and in office at the time it went into operation.

*Third.* Whether, even if constitutional, it affects any others than the councilmen whose election is provided for under it, or extends to or was meant to embrace councilmen in office at the time it went into operation ?

*Fourth.* Whether the said Jonas N. Phillips is not entitled to recover, by virtue of the act of April 12th, 1853 (amended and confirmed by the act of June 14th, 1853), the amount claimed, viz., sixty-four dollars.

*John Graham,* for the plaintiff. I. The act of April 14th, 1857, is a local bill and embraces more than one subject, which is not correctly expressed in its title, and is, therefore, unconstitutional. Cons. Art. 3, § 16.

Section 48 of the act not only excludes the aldermen from acting as judges of the Court of Oyer and Terminer, or in the courts of General or Special Sessions in the city of New York, but it provides who may hold these courts. Courts of Oyer and Terminer are constitutional courts (Const. Art. 6, § 6), and the designation of judges by whom they are to be held, or any amendment to or alteration of their jurisdiction, does not come within the range of amendments to the city charter. To amend or change the jurisdiction of a constitutional or state court, does not belong to an amendment of the charter of the city of New York. For the proper construction of this provision of the constitution, see *In the matter of Walker,* 3 Barb. S. C. R. 162; *Connor* v. *The Mayor, &c. of N. Y.,* 1 Seld. 285; *The Sun Mut. Ins. Co.* v. *The Mayor, &c., of N. Y.,* ibid. 241.

Section 52 of the act adds two new crimes to the criminal catalogue of this state. *First,* it makes it criminal to offer a bribe to an officer of the city government; *second,* it makes it criminal for the officer to receive it. Such a law should not form part of a city charter. The true test, as to whether this act is multifarious, is this: would an inspection of its title naturally lead to the conclusion that such provisions as these formed a part of it? *For the title by the constitution is intended to be an index to the whole law.* See cases *supra.*

II. If the intention of the act in question was really to take away all compensation for their services from the present councilmen—and such is its effect—it is unconstitutional on that ground. Councilmen are officers, under the charter, of this city. Laws of 1853, pp. 410, 738. The principles regulating the right of the legislature to interfere with the compensation of such officers, and state officers, are entirely different. As to the former, the compensation must remain intact until the expiration of the term of the existing incumbent. As to the latter,

although their emoluments may be varied, they cannot, during their terms, be entirely abolished. *Connor* v. *The Mayor, &c. of N. Y.,* 1 Sandf. S. C. R. 355 ; S. C., 1 Seld. 285.

III. Even if the act would not be unconstitutional, for taking away the compensation of existing councilmen, unless the court can see that it was the plain intention of the legislature, and that it is the indubitable meaning of the language of the act, it should not favor such a construction. 1st. The common council spoken of in section 44 is the common council provided for by the act, which enacts (§ 51) that the mayor, aldermen and councilmen provided for in this act shall be elected on the first Tuesday of December, 1857. 2d. Section 54 declares that " this act shall not prejudice or affect any right accrued or proceeding commenced before this act takes effect." The right of the existing councilmen to their compensation for a whole year is a " right accrued," within the meaning of this provision.

*Richard Busteed,* for the defendants.

INGRAHAM, FIRST JUDGE.—The parties hereto have agreed upon a case containing the facts, which they submit to the court, pursuant to the provisions of the Code, for judgment thereon.

The plaintiff claims to recover against the defendants for compensation as a councilman for eight days, in May, 1857, and for the same services rendered by Jesse Mitchell during the same month—the latter claim having been duly assigned to the plaintiff.

The defendants refuse payment of these claims, upon the ground that the provisions of the amended charter of April, 1857, deprive the members of the common council of any compensation for such services after the same took effect.

By the acts of April 12, 1853, and June 14, 1853, councilmen were substituted in the place of assistant-aldermen, formed a part of the common council of the said city, and were entitled to the same compensation as the aldermen.

The case admits that compensation to have been duly fixed a

four dollars for each day the alderman should sit in the common council.

The question then arises, whether the amended charter of 1857 deprives the members of the present common council of such compensation.

By section 44 of this charter it is provided that "no member of the common council shall receive any compensation for his services as such member." Laws of 1857, ch. 446.

If this provision is applicable to the members in office at the time of its passage, there is no authority for the payment of compensation to the members of the common council.

The previous part of section 44 refers to officers under this charter, and the defendants' counsel contends that the whole section must be construed as relating to such officers.

By the 51st section of the same act it is enacted that the mayor, aldermen, and councilmen, provided for in this act, are to be elected at the first election for charter officers to be held after its passage.

I have had occasion heretofore to pass upon the provisions of this statute in the matter of Devlin, so far as the same was applicable to the present common council, and have held that the powers therein granted were conferred upon the present members of that body, so far as they were required for the purposes of government, to prevent an entire cessation of the powers of legislation during the year. If this construction of the charter be correct, then it necessarily follows that the provisions of the 44th section also apply to the present members. Many of the provisions of this act have already been acted upon by the common council, and the departments are now organized under those provisions.

If the term "common council" is confined to those hereafter to be elected, then no ordinances for the organization of the departments would be passed, except by those who may be elected under this charter; and if the act does not apply to those now in office, there is no law excluding the present aldermen from the courts of Oyer and Terminer and Sessions, as provided in the

48th section, because the law heretofore passed on that subject is repealed by that act.

The common council itself can only exist under this charter. All its powers must depend on the present statute, because, without organization under it, there is no law which recognizes such officers as councilmen; and when the statute provides, in general terms, that no member of the common council shall receive any compensation for his services as such member, I see no way of avoiding the conclusion, that the same refers to the present as well as the future members. The former part of the section is not entirely confined to future legislation. It provides for the disposition of fees now or hereafter to be provided, and whenever the statute is intended to apply to officers thereafter to be chosen or appointed, it is express in limiting its operation to "officers under the charter," or "provided for by the act."

It is said that the act allowing such compensation to the members of the common council is not repealed. The provision of the 44th section, if applicable to the present members, would be a repeal of that statute, even if no express repeal was contained in the act; but, by the 54th section, all laws inconsistent with the act are thereby repealed, and if the provision above referred to applies, then the statute would be inconsistent with the new charter, and would be expressly repealed thereby.

The 55th section of the act, which provides that it shall take effect on the 1st of May then ensuing, also shows that the legislature intended that its provisions should be operative in some parts at that time.

It is contended also, on the part of the plaintiff, that the amended charter of 1857 is a local bill and embraces more than one subject, which is not expressed in its title, and is therefore unconstitutional.

The provision of the constitution is, that no private or local bill shall embrace more than one subject, and that shall be expressed in the title. Art. 3, § 16.

I am not prepared to admit that the act in question is either a private or a local bill. It can in no sense be called a private

bill.   It is intended to regulate the government of a city con-
taining a large portion of the population of the state, authorizing
the city authorities to exercise powers of legislation, which, with-
out it, would belong to the legislature.   A private act is one of
an entirely different character, relating to private and not public
interests, and to individual cases, and not to a whole community.

Nor do I think such an act, devolving upon others the powers
which the legislature possesses for the purposes of government,
can be called a local act.   In the case of *Connor* v. *The Mayor*,
&c. (1 Selden, 285), an act was under consideration providing
for the salaries of certain officers elected in the city of New York,
to which the same objection was made as in the present case.
Judge Foot, in his opinion, referring to this objection, says, "In
my opinion, the act is neither private nor local."

And again, he says, "Regulating the amount and manner of
paying the officers, or a given number of the officers of a county
of this state, for their official services, when such services are
rendered in and form part of the administration and execution
of the laws of this state, and affect the citizens thereof who come
within their range, can neither be private nor local in the view
contemplated by the constitution."

With much greater force may these remarks be applied to a
statute providing for the government of a large portion of the
territory and population of the state, delegating powers of legis-
lation and authorizing the passage of laws as well as the admin-
istration of them, which in their operation affect all the citizens
of the state, who either in their persons come within their range
or whose property is within the limits of that jurisdiction.

Nor do I think the provisions of the statute can be said to be
of more than one subject.   The act was intended to provide or
add to the charter of the city.   The previous charters had con-
ferred on the aldermen the right to sit as judges of the Oyer and
Terminer and of the Sessions.   In framing the new charter, as
well as in the act to amend the charter of 1849, passed 12th of
April, 1853, it was deemed advisable to prohibit the aldermen
from any longer exercising that power, and it was proper and

consistent with the other provisions of that act, and a necessary part of the new system contemplated thereby, to prohibit those who formed a portion of the city government from exercising any longer such powers. The further provision, that the remaining judge in those courts should hold the same without the aldermen, was only necessary as declaring what would follow from the prohibition.

If, however, there was any doubt upon this question, it is not necessary to declare the whole act void. So much of it as is consistent with the title could be sustained. Such was the decision of the Supreme Court of the second district in *The Town of Fishkill* v. *The Plank Road Company* (22 Barb. S. C. Rep. 634), in which the first section of a statute was held to be valid, and the residue to be void, on account of the defect in the title.

It was also urged that the provisions of the fifty-second section brought the statute within the constitutional objection. That section provided a punishment for bribery offered to or committed by an officer of the city government. It was necessarily connected with the city charter, to preserve the purity and integrity of its members or officers, and should not, in my judgment, be considered as a subject separate from, or unconnected with a city government.

It can hardly be necessary to discuss the question, whether the legislature can take away the compensation of an officer during his term. In *Warner* v. *The People* (2 Denio Rep. 272), Judge Bronson says, "I do not doubt that the legislature may regulate and reduce or take away the fees of the officer." And, in *Connor* v. *The City of N. Y.* (2 Sandf. 355), such right to alter or take away the compensation of a public officer is maintained.

The plaintiff also claims that the fifty-fourth section of the amended charter declares, that no right, accrued before the act took effect, should be prejudiced thereby. This did not apply to prospective compensation not then earned. So far as the plaintiff had rendered service, so far his right to compensation had accrued, but no such right can be claimed before the service was rendered.

The cases above referred to show that the right to perform such service may be taken away, and it must of course follow that there was no accrued right in the plaintiff by which he could insist on pay for discharging his duties, contrary to the provisions of the statute.

Judgment for the defendants.