Ingraham, J.
I have considered that point, but am of opinion that Mr. Darragh is a proper party to the proceedings.
Ingraham, J.
The relator was appointed by the mayor and the board of aldermen on the 7th December, 1866, President of the Groton aqueduct board. Stephens had filled that office during the previous term. In May last an act was passed by the legislature for the' city tax levy, in which was inserted a provision extending the term of office of the engineer and assistant commissioner for three years from the passage of the act, and then providing as follows: “ and any vacancy in their number shall be filled by the members of the board remaining in office” (Laws of New York, 1866, 2 vol., p. 2056). The title of this act is “ an act to enable the board of supervisors of the county of Hew York to raise money by tax for the use of the corporation of the city of Hew York, and in relation to the expenditure thereof.” The grounds on which this application is based are, that the term of the president is not extended, that the whole of the provision relating to the officers of this department is void, because the object of it is not stated in the title, as required by the constitution, and that the words, “ any of their number,” only applies to the engineer and assistant commissioner, and not to the other members of the board.
Ho question can arise in this case as to the extension of the term of office of the respondent, because it is clear that he was not included under the term of engineer or assistant commissioner, and the extended term only applies to those two *351 officers. The questions then, which apply to this case are whether this act is a local act, whether if it be local this provision relating to these officers is void, and whether the words “ vacancy in their number” applies to the whole board or to the officers previously named in the section.
Upon the latter question I entertain no doubt. The words “ vacancy in their number” must be referred to what follows, “ by the members of the board remaining in office,” for its interpretation. “ In their number,” means the number of the members of the board, and the words, “ remaining in office,” includes the president as an appointing power, if either of the other members should vacate the office, and include his office, if it should become vacant, as one to be filled by other members of the board. There is no grammatical rule which forbids this construction of the sentence, but such use of the pronoun preceding the subject of it is very common.
The main question is as to the constitutionality of the provisions above referred to. It is contended on the part of the relator that the same are void, because they conflict with the provisions of the constitution contained in the 16th section of the 3rd article, viz.: “No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title.”
Under this provision it has been held that when matters are inserted in a local statute and not expressed in the title, such provisions are void (Town of Fishkill v. Fishkill and Beekman Plank Road Company, 22 Barb., 634-643), but do not invalidate those enactments which are specified in the title (Phillips v. The Mayor, &c., 1 Hilt., 483). I have not been able to find any direct adjudication that a law providing for raising moneys for taxes in a city or county is a local law. This appears to have been passed over without notice or objection in those cases' in which provisions deemed inconsistent with the title have been incorporated in tax laws, as in the Sun Mutual Insurance Company v. The Mayor, &c. (4 Selden, 241). In The People v. McCann (16 N. Y., 58), Bowen, J., in reference to a local act containing provisions of a general character, says it is not to be deemed a private or local act because its title so indicates. The character of it is to be determined by its provisions and not its title. Some of the purposes - for which *352 money is to be raised by this, act are for purposes arising under state laws, such as the metropolitan boards, and render it doubtful'whether such laws ought not to be considered of a general instead of a local character. A similar suggestion was made in relation to the act amending the city charter, in Phillips v. The Mayor, &c., (1 Hilton, 483). In Baldwin v. The Mayor (42 Barb., 449), it was in like manner assumed that a tax law was a local law; and Clerke, J., held that a, provision inserted therein not mentioned in the title was void. This question, however, only arose collaterally as to the right of the attorney to appear in the case, and has not been re-examined when this case has been before the general term for review, but the same was disposed of on other grounds.
Under the decisions of the'court of appeals in regard to the police law, the tire department, and the health law, it must be conceded that acts which in any manner affect any part of the state, outside of the limits of the city of Mew York, will not be considered local acts, but for all purposes and powers of legislation are to be treated as acts of a general character not within the constitutional restriction above referred to.
Personally, I have endeavored, in accordance with views entertained by me on the subject, to protect the city rights and preserve its franchises, by holding that these restrictions were applicable to laws relating to the business of the city, but I have been admonished by those decisions of the court of appeals that such views were erroneous, and it is my duty to yield obedience thereto.
Independent of these views it is a matter of great doubt whether a mandamus is a proper remedy in this case. The relator, if properly appointed, is an officer, he having taken the oath of office. I know of no acts that the respondent can do to admit a man into the possession of an office after he has been duly appointed and sworn in. It is true they withhold from him the books and papers, but they are also withheld by the other members of the board. If either of them agree with the relator, then these two forming a majority have a better remedy by an application for the books and papers of the office. Mor can a mandamus issue to Stephens, requiring him to deliver possession of the office to the relator, because his associates with him have an equal right thereto.
*353 All such matters must be controlled by a majority of the board, and not by any one member of it. Besides a mandamus is never granted to enforce a doubtful right. A party must have a clear legal right to demand what he asks for, or it will be refused (1 Wend., 324; 13 Id., 366; 1 Kern., 563): so where the party has any other specific legal remedy. In the People v. Stevens (5 Hill, 616, 627), such an application was denied, on the ground that a better remedy existed, and that another claimed the office under color of title. In the People v. Dikeman (7 How. Pr., 124, 128), Judge Strokg lays down the following principles as applicable to cases of this kind:
1. That a mandamus is inappropriate, and should not be issued where there is a real and substantial dispute as to the title to an office. 2. That where the right of the applicant is clear and unquestionable, and the possession of the books and papers is all that is necessary to enable him to perform the duties of the office, a resort should be had to a direct proceeding to obtain such books, &c., under the statute. And, 3. When the title of the applicant to an office is beyond substantial dispute, so that the objection to it is wholly frivolous, and the possession of the books and papers would not give control of the office, a writ of mandamus would be proper, and should be awarded. These rules I think consistent with the decisions, and are applicable to the present case.
That there is a fair ground of dispute as to the title to this office, is apparent from what I have before stated, depending upon the validity of the acts of the legislature. If that act is valid, the power of appointment is taken from the mayor and aider-men, and is vested in the members of the board of the Croton aqueduct, and in order to sustain the claim of the relator, it is necessary to declare that act unconstitutional. And secondly, the possession of the books and papers is all that is now necessary to enable him to discharge the duties of the office.
I do not mean to be understood as holding that the title to the office can be tried in a proceeding for the possession of the books and papers. On the contrary, it cannot be, and such a proceeding should not be resorted to for that purpose. Nor is the writ of mandamus any more the appropriate remedy ; but that question must be tried by quo warranto, or in the mode provided for in the Code.
*354 There are in the present case other difficulties in the way of obtaining the books and papers of the office, which seem to preclude a resort to any summary mode to obtain possession of the books or office. It is that the duties of the board are administered by three persons of equal authority, and the union of two at least is necessary for any legal right to the possession of the books and papers. A majority can control their custody, and no one has a right to demand such possession. If the other members of the board would act with the relator, such an application might be maintained.
I may add, also, to the reasons above stated, that it is rarely, if ever, proper to award a mandamus in a case in which it can only be done by declaring an act of the legislature unconstitutional. That shotild be done in a more solemn mode of adjudication, upon a full trial, and not on an ordinary motion, such as this.
For these reasons I am of the opinion that the application for a mandamus should be denied, but without costs.