75  498
53a 174
75  498
70a  57
75  498
d155 521

SHOCKLEY, *Plaintiff in Error*, v. FISHER.

1. **Corporation**: ASSIGNMENT FOR BENEFIT OF CREDITORS. A corporation may make an assignment for the benefit of creditors under the State law. R. S. 1879, ₰ 354.

2. ——: ——. Unpaid balances upon stock subscriptions are corporate assets and are assignable.

3. ——: ——. If such an unpaid balance be properly assigned, it passes to the assignee and he may collect it.

4. **Trustee**: ——. If one of two persons to whom an assignment

is made for the benefit of creditors refuses to qualify, all the powers of the trust vest in the other, and he may proceed alone to collect the assets.

*Error to Cole Circuit Court.*—The case was tried before E. L. KING, ESQ., sitting as Special Judge.

REVERSED.

The petition alleged in substance that on the 4th day of September, 1876, the Jefferson City Agricultural Works, a manufacturing and business corporation, executed and delivered to P. H. White and A. J. Shockley a deed of general assignment for the benefit of its creditors, conveying to them as assignees all the effects of said company, including its real, personal and mixed property, evidences of debt, unpaid stock subscriptions and choses in action; that White failed and refused to qualify as assignee under said deed; that Shockley duly accepted the assignment and qualified thereunder and was the sole acting assignee; that defendant was a subscriber for fifty shares of the capital stock of said corporation of the par value of $100 per share, or $5,000 in the aggregate, on which he had paid $3,375, leaving $1,625 unpaid; that the whole of this unpaid balance was needed to pay the debts of the company, and that plaintiff had demanded payment of this balance of defendant in writing, but he had refused; wherefore plaintiff prayed judgment. To this petition there was a demurrer, alleging, (1) that the Jefferson City Agricultural Works, being a corporation, had no power or authority to make an assignment under the State law; (2) that the assignment having been made to White and Shockley jointly, Shockley could not sue alone. This demurrer was sustained, and the plaintiff electing to stand upon his petition, judgment was rendered for defendant and plaintiff appealed.

*Chas. A. Winslow* for plaintiff in error, as to the first

ground of demurrer cited Burrill on Assignments, § 64;. *Adler v. Manf'g Co.*, 13 Wis. 63 ; *Hightower v. Thornton*, 8 Ga. 486 ; *Webster v. Upton*, 91 U. S. 65; *Hatch v. Dana,* 101 U. S. 205 ; *Ogilvie v. Knox Ins. Co.*, 22 How. 380; Thompson on Stockholders, § 340; *Nathan v. Whitlock*, 9 Paige 152; *Rankine v. Elliott*, 16 N. Y. 377; *Henry v. R. R. Co.*, 17 Ohio 187; *Wilbur v. Stockholders*, 18 Bank Reg. 178. As to the second he cited *Stewart v. Pullis*, 10 Mo. 755 ;. *King v. Donnelly*, 5 Paige 46; *Parsons v. Boyd*, 20 Ala. 112 ; *Hannah v. Carrington*, 18 Ark. 85 ; Burrill on Assignments, (3 Ed.) 639, § 6; Perry on Trusts, (2 Ed.) §§ 273, 343 ; Hill on Trustees, (4 Am. Ed.) 349, 350, and 462 *et seq.*; R. S. 1879, § 3949.

*Edwards & Davison* for defendant in error.

The assignment was in the nature of a trust. Perry on Trusts, § 585 ; 2 Story Eq. Jur., (11 Ed.) § 1036. The plaintiff cannot mantain this action in his own name. White was a necessary party. Ib., § 1286. If one of the trustees refused or failed to perform the duties imposed on him, he could have been removed by the proper proceedings, but this did not give the other trustee any power to act without him. *Hatcher v. Winters*, 71 Mo. 30. The instrument executed by said corporation under the assignment had the same effect as a deed of conveyance, and when properly executed and delivered, vested the title to all the property of said corporation in White and Shockley, and the failure of White to qualify and act under the deed did not have the effect of vesting the whole title in Shockley, nor to re-vest it in the grantor. *Tibeau v. Tibeau*, 19 Mo. 78 ; *Parsons v. Parsons*, 45 Mo. 265; *Alexander v. Hickok*, 34 Mo. 496 ; *Lawrence v. Lawrence*, 24 Mo. 269.

## I.

SHERWOOD, C. J.—It is not true as assumed by the demurrer that " a corporation has no power or authority to

make an assignment under the State law." Section 354,
Revised Statutes 1879, permits an assignment to be "made
by a debtor to any person in trust for his creditors." Cor-
porations are in law, for civil purposes, deemed persons.
This was the rule at common law. 2 Inst., 697, 703, 706.
In the construction of statutes they are to be regarded as
persons, when the circumstances in which they are placed
are identical with those of natural persons expressly in-
cluded in such statutes. The *U. S. v. Amedy*, 11 Wheat.
392; *Railroad v. Gallahue*, 12 Grat. 655, and cases cited.
Section 3124, Revised Statutes 1879, declares that " When
any subject matter, party or person is described or referred
to by words importing the singular number or the mascu-
line gender, several matters and persons, and females as
well as males, and bodies corporate as well as individuals,
shall be deemed to be included." So, whether we go by the
common law rule, or by the statutory provision just noted,
there is no doubt but that section 354 will apply as well
to a corporation as to a person. The books speak but one
language as to the right of a corporation to make an as-
signment. Chancellor Kent says: "A corporate body, as
well as a private individual, when in failing circumstances,
and unable to redeem its paper, may without any statute
provision, and upon general principles of equity, assign its
property to a trustee in trust to collect its debts," etc. 2
Kent Com., 398 and note. And elsewhere it is said that a
corporation may exercise such right " to the same extent
and in the same manner as a natural person, unless re-
stricted by its charter or some statutory provision." *De
Ruyter v. Trustees*, 3 Barb. Ch. 119; Burrill on Assign-
ments, § 64.

## II.

It is equally unquestionable that the unpaid shares are
corporate assets, and, therefore, assignable. *Adler v. Brick
Manf'g Co.*, 13 Wis. 63; *Webster v. Upton*, 91 U. S. 65;

*Hatch v. Dana*, 101 U. S. 205; *Ogilvie v. Ins. Co.*, 22 How. 380.

## III.

And when these unpaid subscriptions are properly assigned, they pass to the assignee; he represents the corporation and the creditors, and is the proper person to sue for and collect the debts and assets. Thompson on Stockholders, § 340; *Nathan v. Whitlock*, 9 Paige 152. If he could not do this, his selection and appointment as assignee would be a nugatory act.

## IV.

An assignment for the benefit of creditors is a trust, and the assignee is to be regarded as a trustee. Perry on Trusts, § 585. Now, the rule is well established that if one of several trustees refuses to accept and execute the trust, the whole estate will vest in the others who act, as much so as if the refusing trustee were dead, or never had the trust tendered him. *King v. Donnelly*, 5 Paige 46; Perry on Trusts, § 273; Hill on Trustees, p. 225, *et seq.* Treating the allegation in the petition that " said White failed and refused to qualify as assignee under said deed," as tantamount to an averment of disclaimer on the part of White, we have no doubt that Shockley, the acting assignee, was the only proper party to sue, and that consequently, White, if joined, would have been improperly joined with him.

We have thus examined in brief the grounds of the demurrer, whether general or special, and hold them all groundless, and judgment reversed and cause remanded. All concur.