A. J. SHOCKLEY, ASSIGNEE, ETC., Respondent, v.
SOPHIA FISCHER, ADMINISTRATRIX, ETC.,
Appellant.

Kansas City Court of Appeals, April 19, 1886.

1. PRACTICE—FINDINGS OF TRIAL COURT—FOR WHAT CAUSES DIS-
TURBED—CASE ADJUDGED.—Unless it appears that the finding of
the trial court is the result of prejudice or a wanton disregard of
the rights of the party complaining of it, this court will not dis-
turb the judgment. And, in this case, there are prominent and
strong facts which go to sustain the finding.

2. ―――― EVIDENCE—OBJECTION TO HOW MADE.—In objecting to the
introduction of evidence it is not sufficient to do so in general
terms, without naming the grounds of objection.

3. ―――― PROOF OF OFFICIAL CAPACITY—EFFECT OF APPEARANCE
—CASE ADJUDGED.—Where one answers as administratrix, as in
this case, and voluntarily appears and asks and obtains leave for
that purpose, her answer is an admission of her representative
capacity, and is sufficient, though no specific order of revival
appears.

4. ―――― DEFECT OF PARTIES—OBJECTION HOW MADE.—In making
the objection of a defect of parties, or of a lack of authority to
institute or maintain a suit, it is not sufficient to aver merely that
the plaintiff has no authority to institute or maintain the proceed-
ing. The point can only be made by answer when the petition is
sufficient on its face. A plea in abatement must give the plaintiff
a better writ; it must state precisely who should be made parties.

5. ―――― INTEREST—WHAT IS SUFFICIENT DEMAND.—The institution of
suit would be a sufficient demand, and interest should run at the
legal rate, on an unpaid and over-due stock subscription from de
mand as on any other claim. But the allowance of interest on a
mere account, when the plaintiff has not stated it in his petition
nor included it in his prayer, is not sustained by any authority.

APPEAL from Cole Circuit Court, HON. NOAH M.
GIVAN, Judge.

*Affirmed less the amount of interest conceded by
the remittitur.*

The case is stated in the opinion.

J. C. FISHER and EDWARDS & DAVISON, for the appellant.

I.   The verdict is unjust and not justified upon the merits and law of the case.   An action of this kind is founded upon contract.   The contract, in this instance, should be the subscription list, but it is not given in evidence, nor is it accounted for as lost, or a certified copy introduced in its stead.   1 Wag. Stat., sect. 2, p. 333.

II.   The demurrer to the evidence should have been sustained.   The only evidence was the minutes of the board of directors, and evidence that Fischer attended the meetings of the board and knew of the entries, and understood, and it was always stated, that he owed on his subscription.   And the evidence shows nothing beyond except what is contained in that record.   This evidence might show that he *was a stockholder*, but not the *amount of his stock*.   *Erskine v. Loewenstein*, 82 Mo. 301.   Nor does the "account of stock" in said book, aid the plaintiff, as it was shown to be false in an important particular, and is likely to be false in a less important one.   "*Falsus in uno falsus in omnibus*."

III.   The cases cited in *Griswold v. Seligman* (72 Mo. 111), are all based on suits against persons who were not charged as original subscribers, as in the case at bar. After a corporation has been organized, ownership must be established by the *conduct* of the parties.   But this was not shown here.   In the case of an original subscriber "a contract of subscription must be in writing." 29 Pa. St. 149 ; 32 Pa. St. 340.

IV.   There is nothing to show that plaintiff has any authority to sue in this behalf.   The assignment was made to White and Shockley, and White qualified, and there is nothing showing that he ever refused to act, except the *bare charge* in the petition.   The evidence failed to show a refusal to act, and the demurrer to the

evidence should have been given. *Shockley v. Fischer*, 75 Mo. 498; sects. 381–385, Rev. Stat. White, then, having qualified could only be removed in the manner pointed out by the statute. *Hatcher v. Winters*, 71 Mo. 30.

V. The evidence is wholly insufficient to support a judgment. No one pretends that the entries in the book were made by one authorized to make them.

VI. There is no evidence that defendant is administratrix.

VII. The petition does not ask for interest. *Ashley v. Shaw*, 82 Mo. 76.

VIII. One stockholder was released. This released the other stockholders. *Grant Cases*, 36 Pa. St. 77; *Same v. Stewart*, 41 Pa. St. 54.

SMITH & KRAUTHOFF, for the respondent.

I. Fischer permitted his name to go on the books as a stockholder and to stand as such with his knowledge; he acted as one of the members of the company and exercised the privileges of a stockholder; served as a director, and paid calls. This made the entry on the books binding on him, even if originally unauthorized and made without his knowledge. Thomp. Liab. Stockholders, sects. 161–170; *Griswold v. Seligman*, 72 Mo. 110; *Erskine v. Loewenstein*, 82 Mo. 301. The proof showed further that Fischer was a director and president of the company during its entire existence, and as such was present at *every* meeting of the directors; that the book was before the board at all the meetings, and the stock subscription the subject of discussion; and it was always stated and understood that Fischer was one of the delinquents. So the *entries* confirm these things.

II. The *book* was evidence against Fischer, as against whom it was in the nature of a public record, and he was chargeable with knowledge of its contents. 1 Greenl. Evid. (14 Ed.) sect. 493; Angell & Ames on Corp. (11 Ed.) sect. 681; *Railroad v. Eastman*, 34 N.

H. 24. The book was identified as the stock book of the corporation ; presumptively he was the owner of the shares there stated. The burden was upon defendant to overcome this presumption. *Turnbull v. Payson*, 95 U. S. 418 ; *Railroad v. Appelgate*, 21 W. Va. 172 ; *Ins. Co. v. Holmes*, 68 Mo. 601.

III. There is no defect of parties. ' The petition is not demurrable, so that unless the objection was properly raised by answer it is waived. *Shockley v. Fischer*, 75 Mo. 498 ; *Dunn v. Railroad*, 68 Mo. 268. Such a defence is *dilatory*. The answer must plead it *specially*. Bliss on Code Pleading, sect. 416 ; 1 Chitt. Pl. (16 Am. Ed.) 462 ; Pom. on Rem. (2 Ed.) sect. 207.

IV. After the reversal of the former judgment in this case by the supreme court, defendant appeared as administratrix, answered and defended the case as such. It will be presumed that the cause was properly revived. *Defendant is estopped.*

V. Interest accrues on the stock subscription from the day suit was brought, or of demand. In this case interest was only calculated from the date of bringing the suit, and the interest follows as incident to the principal sued for. *Harwood v. Larramore*, 50 Mo. 414 ; *Burr v. Wilcox*, 22 N. Y. 551 ; *Railroad v. Eastman*, 34 N. H. 124 ; *Stevens v. Guathmey*, 9 Mo. 637. It was the duty of the court to include it though not asked for in the petition. The case of *Ashby v. Shaw* (82 Mo. 76), is quite different from this.

VI. The matter of the release of a stockholder was not pleaded, and is, therefore, not in the case.

VII. The verdict is not unjust, but is justified both by the law and the facts.

ELLISON, J.—Plaintiff is assignee of the Jefferson City Agricultural Works, and, as such, sued defendants intestate, S. L. Fischer, for unpaid subscription to the stock of said corporation.

The assignment was originally to plaintiff and one

White who, after performing some preliminary work under his appointment did, not give bond as provided by statute, and thenceforward disclaimed to be an assignee· or to exercise any authority as such. S. L. Fischer died during the pendency of the action and the present defendant came into court and answered.

There was a demurrer to the petition, which was sustained, the judgment afterwards being reversed by the· supreme court. 75 Mo. 498.

On trial the plaintiff below prevailed and defendant prosecutes this appeal. Defendant first maintains that there is no sufficient evidence to sustain the finding below, and for that reason her demurrer at close of plaintiff's case should have been sustained. I do not deem it necessary to go into a full detail of the evidence as presented. Defendant admits that Fischer did subscribe· for thirty shares of the capital stock, but denies that he subscribed for fifty, as contended by plaintiff. He is· charged up with fifty shares on the books of the corporation in the stock account and is credited with the various sums on account of such subscription. He was a director of the corporation and a part of the time its president, attending regularly the directors' meetings. There is no evidence showing directly that he ever saw the charge of fifty shares, but he had access to the books all the time and control of them a portion of the time.

He answered the call of thirty per cent. of the stock subscribed by paying in $1500 which is just thirty per cent. of fifty shares. Besides, full payment of thirty shares would be $3000, whereas he appears credited with $3375. These are some of the prominent facts in the case which go to sustain the finding below. In the light of the evidence in behalf of the plaintiff we cannot say the finding is the result of prejudice or a wanton disregard of the rights of defendant, and yet, under our own and the supreme court's repeated rulings, we would be compelled to so hold, in order to disturb the verdict on account of this complaint urged against it.

During the course of the trial the court permitted

the original answer in the cause to be read. Without passing on the propriety of this it is enough to say defendant objected simply, in general terms, without naming what the objection was; this was not sufficient; the objections should have been named. *Margrave v. Ausmuss*, 51 Mo. 561.

It is next urged that there is no proof of defendant being administratrix, or that the cause was ever revived in her name as such. She does, however, answer as administratrix and voluntarily appears to ask and obtain leave for that purpose. Her answer is an admission of her representative capacity and the fact of her so answering and proceeding into the trial of the cause, the record, after her appearance, running in her name, we hold to be sufficient, though no specific order of revival appears.

It is further insisted that White is shown to have been appointed with plaintiff as assignee and that he entered upon his duties as such, and, therefore, should be a co-plaintiff. For some reason, not appearing in the abstracts of the record as prepared by counsel, White did not give bond and abandoned all claim or pretense to the rights or duties of an assignee.

The petition alleges that he failed and refused to qualify and thereby plaintiff alone brought the action; so stating it was not demurrable. 75 Mo. 498. The point could not be made otherwise than by answer and defendant contends she has so raised it by the following which is the only reference thereto in her answer, viz.: "Defendant further says that the plaintiff herein has no authority to institute or maintain this proceeding against her."

That the point can only be made by answer, when the petition is sufficient on its face, is definitely settled.

Is the above quotation sufficient? In the case of *Maxwell v. Pratt* (24 Hun, 448), the following allegation in the answer was held not to be sufficiently specific, "that there is a defect of the parties plaintiff, and that

some person or persons to the defendant unknown should be joined as plaintiffs."

On trial of the case referred to, "at the opening of the case the defendant moved for a non-suit, on the ground that the owners of the other two-thirds had not been made parties to the suit. It appeared that the defendant knew the names of the owners of the other two-thirds of the factory, and that they were living at the commencing of the suit." On this branch of the case the court say, that "the statement in the answer is not effectual as a plea in abatement. Dilatory defences, such as a plea in abatement, are not favored, but are to be strictly construed; and such plea must give the plaintiff a better writ; it must state precisely who should be made parties." *Brumfield v. Boutall*, 2 Abb. Pr. 351, sustains the same rule.

Pomeroy's R. & R. Rights says, "if the defect does not appear upon the face of the complaint or petition, the defendant must set up the defence specially in his answer, or, failing in this, he waives the objection. Section 207. It would appear to be clear from these citations that defendant did not raise the question by her answer and must be held to have waived it.

The remaining objection urged here is as to the allowance of interest from the filing of the petition in the cause. The institution of the suit would be a sufficient demand and interest should run at the legal rate on an unpaid and over due stock subscription from demand, as on any other claim, but the difficulty with plaintiff is that his petition does not claim or ask interest, directly or indirectly. I am not advised of any authority sustaining the allowance of interest on a mere account when the plaintiff has not stated it in his petition nor included it in his prayer. For the error in allowing interest we would reverse the judgment and remand the cause, but plaintiff now files in this court a *remittitur* for the interest, and we, therefore, affirm the judgment less the interest up to the date thereof.

The costs of this appeal are adjudged against the plaintiff. All concur.