SAMUEL G. LORING, Appellant, v. THE MAYSVILLE CREAMERY ASSOCIATION, Respondent.

Kansas City Court of Appeals, March 22, 1897.

Corporation : EXECUTION: CITIZENSHIP. A corporation is a citizen of the county in which it owns and operates the factory it was created to maintain; and an execution issued on a transcript from a judgment of the justice will be quashed unless an execution has been issued by the justice and returned *nulla bona.*

*Appeal from the DeKalb Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*S. G. Loring* for appellant.

(1) The residence of a corporation, if it can be said to have a residence, is necessarily where it exercises its corporate functions; it dwells in the place where its business is done; it is located where its functions are exercised; it is present where it is engaged in the prosecution of its corporate enterprises. 4 Am. and Eng. Ency. of Law, page 206, and note 2, and authorities cited. It is alleged in defendant's motion that the execution in controversy was levied upon its plant as well as on said lots. It will naturally be inferred that this plant was used for the purpose for which it was incorporated. Property essential to the performance of the public duties of a corporation can not be taken on execution and sold under a judgment against it without express statutory provisions to that effect. *Stewart v. Jones*, 40 Mo. 141; R. S. 1889, sec. 2533, art. 1, chap. 24. The *fieri facias* is a common law writ, and as a writ of execution commanding the sheriff to levy and make the amount of the judgment from the chattels, lands, etc., of the judgment debtor. Black's Law Dict., p. 491; Bouvier's Law Dict., p. 523. Under the law Justice More had no authority to issue a *fieri facias* contemplated by said statutes, and no one but the circuit clerk could issue such a writ, and the court erred in sustaining said motion.

*Hewitt & Blair* for respondent.

(1) The statute of construction (sec. 6568, R. S. 1889), also the rule of common law, is that corpora-

tions are in law for civil purposes deemed persons. R. S. 1889, sec. 6827; *Shockley v. Fisher*, 75 Mo. 501, and cases cited; *U. S. v. Amedy*, 11 Wheat. 392, cases cited; *Ricker v. American L. and T. Co.*, 5 N. E. Rep. 284, *loc. cit.* 287, and cases cited. (2) The residence of a corporation is necessarily where it exercises its corporate functions. *Bristol v. R. R.*, 15 Ill. 436; *Baldwin v. R. R.*, 5 Iowa, *loc. cit.* 519–520; *Holgate v. R. R.*, 20 Am. and Eng. Corp. Cases, *loc. cit.* 529, 530; *Ricker v. Am. L. & T. Co., supra; Shockley v. Fisher*, 75 Mo. *loc. cit.* 501.

ELLISON, J.—The plaintiff in this cause obtained a judgment against the defendant before a justice of the peace of DeKalb county. He duly filed a transcript of such judgment with the clerk of the circuit court for that county and had an execution issued STATEMENT. thereon by the clerk of the circuit court. No execution was issued from the justice who rendered the judgment. Defendant filed its motion to quash the writ and the court sustained the motion. Plaintiff appeals.

The defendant is a corporation and its articles show that it was organized by residents of DeKalb county. The articles of association also show that, "The purpose for which this association is formed is to own and operate, for profit, a creamery in said city of Maysville, for the manufacture of butter and cheese and the grinding of grain for its patrons." The statute, section 6287, Revised Statutes, 1889, provides that: "* * * No execution shall be sued out of the court where the transcript is filed, if the defendant is a resident of the county until an execution shall have been issued by the justice, directed to the constable of the township in which the defendant resides * * * returned that defendant had no goods or chattels whereof to levy the same."

The case presents the question whether defendant is a resident of DeKalb county in the sense contemplated by the foregoing statute. The circuit court held that it was and we think rightly so held. The statute, section 6568, provides: "When any subject-matter, party or person is described or referred to by words importing the singular number of the masculine gender, several matters and persons, and females as well as males, and bodies corporate as well as individuals, shall be deemed to be included." Under this provision the statute first above quoted applies to corporations. *Shockley v. Fisher,* 75 Mo. 501. And that defendant is a resident corporation of DeKalb county we think there can be no doubt, since that county is its legal *situs.* It is as much the place of residence of the corporation as a banking corporation located and chartered to do business in such county would be. No execution having been issued by the justice and returned *nulla bona,* the judgment will be affirmed. All concur.

CORPORATION:
execution: citizenship.