T. J. ADAMS, Respondent, v. S. A. ELLIS, Appellant.

Kansas City Court of Appeals, December 17, 1900.

1. Justices' Courts: JURISDICTION: LAND TITLE. A suit by a vendee to recover of a vendor certain payments on the purchase money according to a contract of sale between them, which the vendor had abandoned and conveyed the land to a third party, does not involve the title to real estate and the justice has jurisdiction.

Adams v. Ellis.

2. ———: PLEADING: WAIVER. The technical rules of pleading are not enforced in the justices' courts, and a statement declaring on a contract need not aver that the defendant waived the performance of certain stipulations in the contract.

Appeal from the Vernon Circuit Court.—*Hon. H. C. Timmonds*, Judge.

AFFIRMED.

*A. J. King* and *A. J. Smith* for defendant.

(1) Plaintiff's action is at law and he must show that he complied with conditions of the contract upon which he sues. He can not declare upon one contract and recover damages upon another. If he was in default, and the time was extended by defendant for payment, then he must show a consideration for the extension of time of payment and before he could recover on that ground he must set out the waiver in his statement. A party may change or modify the terms of a written contract by a subsequent agreement but when this has been done he must declare on the agreement as modified. Lanitz v. King, 93 Mo. 513; Birge v. Bock, 44 Mo. App. 69; Mohney v. Reed, 40 Mo. App. 99; Rucker v. Harrington, 52 Mo. App. 481. (2) The allegation in the complaint that the defendant had conveyed the land described in the contract and complaint by "valid deed," certainly involved title to real estate, or at least, would require the justice to pass upon a deed of conveyance to land, and therefore we contend he had no jurisdiction of the subject-matter. State v. Huston, 56 Mo. App. 520.

*J. B. March* and *Scott & Bowker* for respondent filed an argument.

ELLISON, J.—Defendant sold to plaintiff ten acres of land in Vernon county, Missouri, for $100, in divided and deferred payments. Plaintiff took possession by cultivation and made several payments to defendant. Afterwards, defendant abandoned his contract with plaintiff and sold the land to a third party who went into possession. Plaintiff thereupon brought this suit against defendant to recover back the payments he had made him. He recovered judgment in the circuit court and defendant appeals.

It is suggested that the justice of the peace before whom the case originated had no jurisdiction since it involved title to real estate. There is nothing in the point. The suit is to recover money paid on a contract which defendant is charged with abandoning. The fact that it was necessary to prove that defendant had sold the land to another did not involve a question of title. It was merely a matter of evidence in proof of a fact.

It seems that some of the payments were made by plaintiff out of the time required by the contract and that taxes were not paid by him, etc. Defendant contends that such being the case plaintiff must rely upon a waiver by defendant since the latter accepted of the payments without insisting on the terms of the contract, and that relying upon a waiver he should have pleaded it, as seems to be required in this state in all cases except they be insurance cases. Lanitz v. King, 93 Mo. 513; McCullough v. Ins. Co., 113 Mo. 606, 616. But this case originated before a justice of the peace where technical rules of pleading are not enforced. The statement of plaintiff's cause of action was sufficient to admit the evidence as given.

We do not regard the point of conflict in the descriptions of the land contained in defendant's contract with plaintiff and his deed to the third party as being meritorious.

We have gone carefully over appellant's brief and argument in connection with the evidence and find that the judgment is manifestly for the right party and it will therefore be affirmed. All concur.