## EDWIN DAVIS, Respondent, v. T. J. CREAMER, Appellant.

**Kansas City Court of Appeals, May 4, 1914.**

1. **CONTRACTS: Sale of Lands.** Where one enters into a contract to buy a tract of land for a certain definite sum, and one payment is made on the signing of the contract, he is entitled to recover the amount so paid when the seller refuses to comply with the contract after demand has been made on him.

2. **INSTRUCTIONS: Interest.** When an instruction asks for interest from the date of demand, and judgment is so given, it is erroneous, where the plaintiff has failed to ask for interest in his petition.

Appeal from Maries Circuit Court.—*Hon. J. G. Slate,* Judge.

AFFIRMED (*conditionally*).

*Pope & Terrill* for appellant.

*Leslie B. Hutchinson* and *John A. Watson* for respondent.

JOHNSON, J.—This suit was begun in a justice court to recover the sum of $100 plaintiff alleges he

paid on the purchase price of a farm defendant sold
him and afterward refused to convey. A trial in the
circuit court where the cause was taken by appeal re-
sulted in a verdict and judgment for plaintiff and de-
fendant appealed.

In September, 1912, the parties entered into an
oral contract by the terms of which defendant sold a
farm in Maries county to plaintiff for $6000 and agreed
to execute and deliver a deed conveying the fee simple
title and to give possession of the farm to plaintiff on
or before the first day of the following January.
Plaintiff agreed to pay $100 of the purchase price at
once and the remainder of $5900 when the deed was
delivered and possession of the land given. The in-
itial payment was made as agreed but before the date
fixed for the consummation of the sale defendant in-
formed plaintiff of his purpose to abandon the con-
tract unless plaintiff would agree to a substantial al-
teration of its terms. The parties do not agree about
the substance of the proposed modification. Defend-
ant states he demanded a further payment on the pur-
chase price while plaintiff insists that he demanded a
larger price for the farm. Plaintiff refused to alter
the contract, demanded the return of the down pay-
ment and on the refusal of that demand, began this
suit.

Defendant is in error in the view that the action
did not fall within the jurisdiction of a justice court
because it involved title to real estate. The same
point was before us in Adams v. Ellis, 86 Mo. App.
343. We held the suit was ''to recover money paid on
a contract which defendant is charged with abandon-
ing. The fact that it was necessary to prove that de-
fendant had sold the land to another did not involve
a question of title. It was merely a matter of evi-
dence in proof of a fact.'' The action is for money
had and received and the proof of defendant discloses
a lack of even a semblance of an excuse for keeping the

money which was paid to him pursuant to the oral contract. He admits he refused to carry out the terms of that contract and it is too plain for argument that he could not repudiate the contract and still be entitled to retain its fruits. The demurrer to the evidence was properly overruled. No error is found in the instructions except in one particular, i. e., no claim of interest was made in the petition but the instructions authorized the assessment of interest from the date of demand and interest was allowed in the verdict and judgment. This was error. Where interest is not asked in the petition none should be assessed—not even from the date of the institution of the suit. [Van Riper v. Morton, 61 Mo. App. 440; Shockley v. Fischer, 21 Mo. App. 551.] Counsel for plaintiff confess the error and offer in their brief to file a remittitur of the amount of the interest. This may be done (Shockley v. Fischer, supra). On condition that a remittitur of the interest be filed within ten days the judgment will be affirmed; otherwise it will be reversed and the cause remanded.

All concur.