PHILLIPS v. LACLEDE COUNTY, *Appellant.*

1. **Parties to Suit**: TRUSTEE OF EXPRESS TRUST: SPLITTING UP DEMANDS. One who holds a demand partly in his own right and partly in the right and for the benefit of another, is as to the other a trustee of an express trust, and cannot, by assigning his own interest, split up the cause of action, and thus deprive his *cestui que trust* of the right to have him enforce his rights by suit.
2. **Interest.** An open account does not begin to bear interest until payment has been demanded.

*Appeal from Laclede Circuit Court.*—The case was tried before J. M. HERNDON, ESQ., sitting as Special Judge.

REVERSED.

*Wallace & Nixon* for appellant.

*Belch & Silver* and *Geo. W. Bradfield* for respondents.

NORTON, J.—Rufus Phillips presented to the county court of Laclede county, for allowance, an account against the county for selecting and securing the confirmation of swamp lands for said county. The county court refused to allow said account, and plaintiff appealed to the circuit court, where the cause was referred to Harrison Attaway, P. M. Bennett and Alf. Case, to hear and determine the matters in issue, and to report their action to the court. At a succeeding term of said court the referees made their report in which they found a balance due from the county of $3,294.46, and on this balance they computed interest at six per cent from the 17th day of January, 1868, to January 17th, 1878, the date of their report, amounting to $1,976.67, and making the aggregate amount of $5,-271.12, for which sum plaintiff was entitled to judgment. After the coming in of said report, John M. Richardson, George W. Bradfield and James T. Moore, on their petition, were made parties plaintiff. Defendant filed exceptions to the report, which the court overruled, and rendered

judgment for the sum of $5,271.12, from which defendant has appealed to this court.

It appears that during the investigation by the referees of the account, B. B. Harrison appeared before them and presented a petition to be made a party as the assignee of the interest of said Phillips, accompanied with an assignment by Phillips to him of all indebtedness, dues and demands against the county of Laclede growing out of any and all contracts made between Phillips individually or jointly with others, and the county court of said county, for services rendered in selecting swamp lands and having the same confirmed to said county. This assignment was dated the 8th day of October, 1862, and prior to the filing of the account by Phillips for allowance by the county court. Before action was taken upon the report by the circuit court said Harrison appeared and withdrew, by consent of the court, his petition to be made a party.

Defendant insists that inasmuch as by said assignment it was shown that Phillips had parted with his interest in 1. PARTIES TO SUIT: the account at the time he presented it for trustee of express allowance, that the court erred in not distrust: splitting up demands. missing the suit, and rely on this as the chief ground for reversing the judgment. It appears from the evidence taken before the referees that in the contract made by the county court with Phillips he was authorized to employ an assistant to assist in the selection and confirmation of said lands, and that he did employ J. M. Richardson for that purpose. As under the terms of the contract Phillips was alone authorized to sue upon it, and as Richardson was a participant in the compensation arising from it, Phillips, by assigning his interest, could not split up the cause of action against the county and thus deprive Richardson of his right to have him prosecute the action as the trustee of an express trust. *Cable v. St. Louis Marine Ins. Co.*, 21 Mo. 133; *Wagner v. Jacoby*, 26 Mo. 532; *Wright v. Tinsley*, 30 Mo. 395.

It is also urged as a ground of error that the court

erred in sustaining the action of the referees in allowing 2. INTEREST.     six per cent interest on the amount from the 17th day of January, 1868.   This objection, we think, is well taken.    Section 2723, Revised Statutes, provides that creditors shall be allowed to receive interest at the rate of six per cent   *   *   on accounts after they become due and demand of payment is made.  As prerequisite to the allowance of interest upon an account, it must be made to appear that the account is due and that payment of it has been demanded.   *Southgate v. A. & P. R. R. Co.*, 61 Mo. 89.   There is no evidence in this case that payment had been demanded prior to the exhibition of the account to the county court for allowance, which the record shows was on the 17th day of July, 1877.   For the error committed in allowing interest anterior to that date, the judgment will be reversed and the cause remanded, with directions to the circuit court to enter up judgment for plaintiff for the sum of $3,294.46, the amount found due by the referees, and interest on the same at the rate of six per cent from the 17th day of July, 1877.   All concur.