W. C. BERNER, Respondent, v. WILLIAM BAGNELL ET AL., Appellants.

| 20 | 543 |
| 61 | 444 |
| 20 | 543 |
| 87 | 508 |

Kansas City City Court of Appeals, February 8, 1886.

1. PRACTICE—EVIDENCE—CONTRACT—ADMISSIBILITY.—In an action for work and labor, the written proposition of the plaintiff to do the work, and signed by the plaintiff alone, was admitted in evidence over defendants' objection, after evidence that it was made out in defendants' presence and assented to by them as containing the terms agreed upon. *Held*, that it was admissible as evidence that it was the contract of defendants, and assented to as such. although it is not necessary that such an action should be founded on a writing.

2. ——— INTEREST—INSTRUCTION—DEMAND OF PAYMENT—CASE ADJUDGED.—The institution of a suit is a sufficient demand, under the statute. And where it appears, as in this case, that upon attempted settlement between the parties, dissatisfaction was expressed by plaintiff and suit was brought by him, immediately afterwards, this was sufficient evidence of a demand ; and as the instruction, in this case, only told the jury to find interest from the time of demand, the presumption must be that they respected the evidence, and allowed no interest prior to the bringing of the suit.

APPEAL from Miller Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

The case is stated in the opinion.

MOORE & WILLIAMS, for the appellants.

I.    The court erred in admitting the proposition to do work, by the plaintiff, as the contract between the parties. *Brown v. Rice*, 29 Mo. 322 ; *Hunt v. Johnson*, 24 Mo. 509.

II.    The instructions given for plaintiff are misleading and erroneous. The writing is not designated, and was not binding upon defendants as a *contract.* *Turner v. Baker*, 42 Mo. 13 ; *Weiland v. Weyland*, 64 Mo. 168 ;

*Hunt v. Johnson, supra.* There was no evidence as to the *value* of the work, or that plaintiff did any work without a contract. The clause regarding interest is wrong, as there is no evidence of any demand having been made. *Southgate v. R. R.*, 61 Mo. 95 : sect. 2723, Rev. Stat. That as to the *settlement* is not only wrong, but vicious. *Harrison v. Cachelin*, 27 Mo. 27.

III. The instructions numbered six, seven, and eight, asked by defendants, and refused, should have been given. The other instructions given for defendants did not include the matters embraced in these. Sect. 3635, Rev. Stat. ; *Huffman v. Ackley*, 34 Mo. 277 ; *Davis v. Brown*, 67 Mo. 313.

IV. Instructions should not be given unless supported by the evidence. *Weiland v. Weyland*, 64 Mo. 168 ; *Clark v. R. R.*, 64 Mo. 440 ; *Harrison v. Cachelin*, 27 Mo. 26.

W. S. POPE and C. E. JONES, for the respondent.

I. The only issues are of fact for the jury to determine. The evidence was conflicting, but the jury decided the issues submitted for the plaintiff, and it is not for this court to reverse upon such a state of facts.

II. The case was fairly tried and the issues properly submitted, and the judgment should be affirmed.

ELLISON, J.—This action is for work and labor performed by plaintiff for defendants, who were contractors for the construction of a branch of the Jefferson City, Lebanon & South Western Railway.

On trial before a jury, a verdict was given for plaintiff, and defendants appeal.

The written proposition of plaintiff to do the work, and signed by plaintiff alone, was admitted in evidence over defendants' objection. It was only admitted after evidence that it was made out in defendants' presence and assented to by them as containing the terms agreed upon.

While it might not have been the written contract

of defendants, there was evidence that it was their contract, and assented to as such. To maintain a suit of this kind it is not necessary, of course, that it should be founded on a writing, and, so far as we are advised, this was admitted to show what it was which defendants had agreed to. It is not disclosed in appellants' abstract how the petition was framed, whether on a written contract or a verbal one.

We are unable to say whether the court committed error in refusing the instruction offered by appellants, for the reason they have not set out in their abstract those given. Those given may have rendered it unnecessary to grant those refused.

The judgment, however, in my opinion, should be reversed, for the reason that the court gave an instruction to allow plaintiff six per cent. interest from demand, when there is no evidence, as presented in the abstract, showing any demand was ever made. *Phillips v. Laclede County*, 76 Mo. 68; *Southgate v. Railway Co.*, 61 Mo. 89.

As respondent makes no objection to appellants' abstract, we deem it, under the rules of this court, to be correct.

The institution of a suit is sufficient demand under the statutes, but this is so as a matter of law, by force of the statute. The jury would not know such was the case unless instructed to that effect.

But the majority of the court are of the opinion that the record shows that on the day of an attempted settlement between the parties, when plaintiff gave a receipt to defendant for a payment then made, to-wit, on the seventeenth day of April, 1883, the plaintiff testified that he was dissatisfied therewith, and he immediately brought this suit for the sum thereby claimed by him; that this was a sufficient evidence of a demand; and there is nothing in the record to indicate that, if the jury allowed any interest at all, they allowed any anterior to the bringing of the suit; the presumption is that they allowed interest only from that day. That had the in-

struction told the jury to allow interest as from a given time prior to the day named by the witness and the institution of the suit, the instruction would have been bad ; but as it only told the jury to find interest from the time of demand, the presumption must be that they respected the evidence and allowed no interest prior to the bringing of the suit.

It, therefore, results that the judgment is affirmed.