VAN RIPER & ROGERS, Respondents, v. J. L. MORTON *et al.*, Appellants.

St. Louis Court of Appeals, March 12, 1895.

1. **Mechanics' Liens**: AUTHORITY TO CHARGE ESTATE OF TENANT IN COMMON. One of several tenants in common may charge his own interest in land with a mechanic's lien for materials furnished for an improvement, but he can not charge the interest of a cotenant therefor, unless he has express authority so to do, or the circumstances are such that an authority to do so would necessarily be implied.

2. ———: PLEADING.. A petition for the enforcement of a mechanic's lien stated that the defendant and a third person are, and were, the owners of the property, and that the defendant contracted with the plaintiffs on the part of himself and his co-owner. *Held*, that this, by necessary intendment, amounted to an allegation of an ownership in the defendant at the date of the contract.

3. ———: OBJECTION TO ACCOUNT ON GROUND THAT IT CONTAINS NONLIENABLE ITEMS. An objection to a mechanic's lien, on the ground that the lien account contains nonlienable items, is not saved by a general objection to the account as a whole.

4. ———: COMPETENCY OF CERTIFIED COPY OF LIEN ACCOUNT AS EVIDENCE. A copy of any public paper, certified by the officer entrusted with its custody, is evidence, if the original would be. Accordingly, a certified copy of a sufficient mechanic's lien account is competent evidence in an action for the enforcement of the lien.

5. ———: INTEREST: PLEADING. Interest can not be recovered in an action for the enforcement of an account, even from the date of the institution of the suit, when it is not demanded in the petition.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED (*with directions*).

*W. Cloud & T. D. Steele* for appellants.

*George Hubbert* and *J. S. Plummer*, for respondents.

ROMBAUER, P. J.—This is a suit upon an account, and to enforce a mechanic's lien against the property of John L. Morton and John Morton. John Morton died after the institution of the suit, and it was revived against his heirs and representatives. Certain mortgagees and the statutory assignee of John L. Morton are also made parties defendant. The lien is sought to be enforced against a mill building, forebay and an acre of ground on which they are situated. The answer is a general denial. Upon a trial of the cause by the court without a jury, the plaintiffs recovered a general judgment against all the defendants and a judgment of lien against the property. From this judgment all the defendants appeal, and assign for error the rulings of the court upon the evidence and instructions, and that the judgment is not warranted by the evidence and is excessive.

Touching the following facts there is no conflict in the evidence. The property sought to be charged with the lien was, at a date anterior to the furnishing of the work and materials sued for, the individual property of John Morton. He agreed with John L. Morton, his son, that if the latter would, at his own cost, erect a mill building thereon, he would deed to him one undi-

vided half of the property, and, after the completion of
the mill, father and son would operate it jointly. In pur-
suance of this arrangement John Morton deeded to his
son, John L., an undivided half of the property on No-
vember 29, 1889, when the mill was only partly construc-
ted. The forebay was to be rebuilt by John Morton,
the father, at his own expense. The work and material
for which the lien is sought to be enforced in this pro-
ceeding were furnished between the twenty-eighth day
of November, 1889, and the eleventh day of February,
1890, and were furnished exclusively for the mill, none
being furnished for the forebay. The lien account was
filed with the clerk of the circuit court for Barry county
on the seventeenth day of June, 1890, more than four,
and less than six, months after the indebtedness
accrued.

The main controversy at the trial was whether
John L. Morton, in the erection of the mill, occupied
the position of a cotenant of the property, and, as
such, was authorized to contract, and did contract,
both for himself and his father, or whether, as far as his
father's interest in the property was concerned, he
merely occupied the position of a contractor. If the
latter, it would necessarily follow that the judgment of
lien, as far as John Morton's interest in the property
is concerned, can not be supported, because it is con-
ceded that the lien account was not filed within four
months after the indebtedness accrued, and that no
notice of an intention to file a lien was ever given to
John Morton.

A cotenant may charge his own interes in the
property with a lien for materials furnished for its
improvement, but he can not charge that of his coten-
ant, unless he has express authority so to do, or the
circumstances are such that such authority would nec-
essarily be implied. Philips on Mechanics' Liens, sec-

tion 77. It can not be claimed that there is any evidence in the record tending to show any express authority in this case. The plaintiff's evidence concedes that John L. Morton was to build the mill at his own expense, and that the plaintiffs were advised of that fact. He ordered all the material on his own account, and the plaintiffs charged it to his individual account. For the purpose of showing such authority, the plaintiffs, against the defendant's objections, were permitted to give evidence tending to show that John Morton subsequently mortgaged the property with an avowed intention of paying off all liens upon it. This testimony was irrelevant in any view of the case, and should have been ruled out. As this and similar testimony was all that was offered with a view of showing authority in John L. Morton to charge his father's interest with a lien, the finding of a lien against John Morton's interest in the property is not supported by substantial evidence.

On the other hand, substantial evidence has been offered by the plaintiffs, charging John L. Morton's interest in the property. The claim, that the petition does not aver any ownership in him, is not borne out by the record. The petition states that he and John Morton are and *were* the owners of the property, and that John L. Morton contracted with the plaintiffs in behalf of himself and *his co-owner*. This, by necessary intendment, charges ownership in John L. Morton at the date of the contract. Equally untenable is the claim that there was no substantial evidence of the value of the material furnished. John L. Morton himself testifies that the prices were reasonable. The objection now urged, that the account contains nonlienable items, is without merit, as no such objection was made upon the trial. Such an objection is not saved by a general objection to the lien account as a whole. *Schulenburg*

& *Boeckeler Company v. Strimple*, 33 Mo. App. 154. The complaint is likewise untenable, that a certified copy of the lien account was erroneously admitted in evidence. Section 6709 of the Revised Statutes, contemplates that the original lien account filed with the clerk shall remain in his custody. It is an established principle of law that a copy of any public paper, certified by the officer entrusted with its custody, is evidence, if the original would be. *Childress & Mullanphy v. Cutler*, 16 Mo. 24, 44. The admissibility of such evidence rests on common law principles, and not exclusively on statutes, as counsel for the appellants erroneously assumes.

It is further claimed by the appellants that the judgment is excessive in allowing interest on the demand when none is claimed in the petition. It is also claimed that the judgment is erroneous, in so far as it is a personal judgment against all the defendants, whereas a personal judgment against John L. Morton alone is warranted by any view of the evidence. Both these complaints are just. Under the provisions of the statute the plaintiffs would be entitled to interest on the balance of the account from date of demand (Revised Statutes, 1889, section 5972), and the institution of the suit is a sufficient demand. *Berner v. Bagnell*, 20 Mo. App. 543. But the plaintiffs' recovery is limited by the damages claimed in the petition, and, as they pray for no interest, they can recover none. *Shockley v. Fisher*, 21 Mo. App. 551; *Armstrong v. City of St. Louis*, 3 Mo. App. 100; *Ashby v. Shaw*, 82 Mo. 76; *Wright v. Jacobs*, 61 Mo. 19.

As the errors justly complained of do not affect any right of recovery against John L. Morton, nor against the undivided one half of the property owned by him when the account accrued, and, as under the uncontroverted facts, there can be no recovery against

the other undivided half, the cause will be remanded with directions to enter the judgment warranted by the pleadings and evidence. It is ordered that the judgment be reversed, and the cause be remanded to the trial court with directions to enter a personal judgment in favor of plaintiffs, and against John L. Morton, for $759.99, and a judgment of lien against the undivided one half of the property described in the lien account, being the undivided one half interest therein owned by John L. Morton when the lien account accrued. All the judges concur.