# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

MARCH TERM, 1896.

---

VANRIPER AND ROGERS, Respondents, v. JOHN L. MORTON, Appellant.

St. Louis Court of Appeals, March 10, 1896.

Mechanics' Lien: DESCRIPTION OF LAND SUBJECTED. A judgment for the enforcement of a mechanic's lien described the property subjected to the lien as the one half interest therein of the defendant. *Held* that, inasmuch as it did not appear that any greater interest was charged than was owned by the defendant, the judgment was in accordance with the mandate of this court on a prior appeal of the cause.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*Cloud & Davies* and *T. D. Steele* for appellant.

*J. S. Plummer* and *George Hubbert* for respondents.

(429)

BOND, J.—This case was before this court on a former appeal (61 Mo. App. 440), where all the facts are stated and the rights of the parties determined. It was then reversed and remanded with directions. The present appeal by defendant is from the judgment rendered by the circuit court under the mandate of this court.

It is insisted by appellant that the judgment of the circuit court does not conform to the opinion and mandate of this court, in that it purports to adjudicate the extent of the interest of defendant in the property charged with the mechanics' lien. The judgment entry on this point is for a personal judgment against defendant, and provides, in case it is not satisfied, it shall be "levied out of the undivided one half of the property described in plaintiff's petition, which was owned by John L. Morton, and is charged with plaintiff's lien to the extent" (describing the property). From this it appears there was an adjudication that the property in question is fastened with a lien to the extent of an undivided one half. But it does not appear that any greater interest therein than that owned by appellant was charged with the lien. The judgment will, therefore, be affirmed. It is so ordered. All the judges concur.