GEO. W. SHINN, Appellant, v. J. I. WOODERSON et al., Respondents.

**Kansas City Court of Appeals, January 20 and March 3, 1902.**

1. **Limitations: PLEADING: ACCOUNT: AGREEMENT.** A petition set out in the opinion is held to declare on an agreement to give plaintiff a mortgage and not on an account, and the ten-year period of limitation and not the five-year is applicable

2. **Contract: PLEADING: STATUTE OF FRAUDS: LIMITATIONS.** When a petition declares on a contract without disclosing whether it is in writing or rests in parol, it will be presumed to be the allegation of a valid contract, and so not within the statute of frauds and perjuries, and the ten-year limitation will be presumed alone applicable.

3. **Trusts and Trustees: PLEADING: STATUTE OF FRAUDS.** The fact that the trustees of a church agreed with plaintiff to repay him certain advances, or give him a lien on the church property, will entitle him to a judgment against them as such trustee for a failure to pay as promised.

ON MOTION FOR REHEARING.

4. **Interest: DEMAND: PLEADING: PETITION.** Demand must be alleged and proved before interest can be allowed, and where the petition alleged demand but fixed no date, it is error to allow interest from the date before the filing of the suit.

5. **Appellate Practice: POINTS RELIED ON: UPHOLDING JUDGMENT.** The case is held to illustrate the necessity of submitting to the appellate court all questions upon which the party relies, and this belated point is only considered since it tends to uphold the opinion of the trial court.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes*, Judge.

AFFIRMED.

*F. B. Ellis* for appellant.

(1)　A motion in arrest can only be upheld when a petition fails to state a cause of action, or there is some defect which renders the judgment void.　A motion in arrest only reaches defects which are apparent upon the face of the record proper.　In this case the petition and judgment both are regular.　Black on Judgments, 98; White v. Caldwell, 17 Mo. App. 691. (2)　A defective pleading can not be taken advantage of by a motion in arrest of judgment.　It is only where a petition is defective in some essential averment. Carrington v. Hancock, 23 Mo. App. 299; Coal Co. v. Brewing Co., 20 Mo. App. 16.　(3)　If the trustees were made parties, then that is all that is material.　It is then perfectly clear that the defendants Wear and Harmon have no interests in the result of this suit.　The trustees are the only parties who are in interest.　The judgment is against them and no one else.　In a suit in equity to enforce a contract against church property the trustees of such church, who executed the contract, are the only necessary parties defendant.　Bushong v. Taylor, 82 Mo. 660; Kuehl v. Meyer, 50 Mo. App. 648; Hitch v. Stonebraker, 125 Mo. 128.　(4)　It must be presumed that the evidence in the absence of any showing to the contrary fully warranted the judgment of the court.　The judgment was entirely within the limits of the pleadings.　Lawless v. Lawless, 47 Mo. App. 529; Jordan v. Buschmeyer, 97 Mo. 94; Kehoe v. Taylor, 31 Mo. App. 588.

*Jno. A. Cross & Sons,* and *E. C. Hall* for respondents.

(1)　The petition, on its face, shows that plaintiff's cause of action accrued to him on March 22, 1894, and that suit was instituted on the twelfth day of August, 1899, more than five years after his cause of action

accrued. This defect can be reached by demurrer. Boyce v. Christy, 47 Mo. 70; Henoch v. Chaney, 61 Mo. 129. (2) Wherever a general demurrer to a petition would be well taken, a motion in arrest of judgment is equally available. Hart v. Harrison Wire Co., 91 Mo. 414. (3) When no legal cause of action is set forth in the petition, the judgment will be arrested. Langford v. Sanger, 40 Mo. 160; Syme v. Steamboat Ind., 28 Mo. 335. (4) The petition does not allege a resulting trust, which arises by mere implication of law, but an express trust, created by the contract and the agreement of the parties, and must be manifested and proved by some writing signed by the party to be charged. R. S. 1899, sec. 3416; Kelly v. Johnson, 28 Mo. 249; Kennedy v. Keating, 34 Mo. 25; Woodford v. Stephens, 51 Mo. 443; Mansur v. Willard, 57 Mo. 347; Green v. Cates, 73 Mo. 115; Price v. Kane, 112 Mo. 412; Sell v. West, 125 Mo. 621; Weiss v. Heitkamp, 127 Mo. 23; Devore v. Devore, 138 Mo. 181; Hackett v. Watts, 138 Mo. 502; Hurt v. Ford, 142 Mo. 283; Richardson v. Champion, 143 Mo. 538; Hillman v. Allen, 145 Mo. 638; Curd v. Brown, 148 Mo. 82. (5) The statute of frauds is available without special pleading. Devore v. Devore, 138 Mo. 181; Hackett v. Watts, 138 Mo. 502; Hurt v. Ford, 142 Mo. 283; Hillman v. Allen, 145 Mo. 638. The statute of frauds can be raised by demurrer to the petition. Rogers v. Ramey, 137 Mo. 598. (6) Express trusts must be proved by some writing signed by the party to be charged. Hillman v. Allen, 145 Mo. 638. (7) The statute of limitations is applicable to all civil actions, resulting and implied trusts. Landis v. Saxton, 105 Mo. 486; Reed v. Painter, 145 Mo. 341; Flint on Trusts, 110; Wood on Limitations, sec. 232, p. 161. A vendor's or grantor's lien is lost if a right of action is barred by the statute of limitations. R. S. 1899, sec. 4276; Adair v. Adair, 78 Mo. 630; Pingrey Mortgages, sec. 1568; Schmucker v. Sibert, 18 Kas. 104; s. c., 26 Am. Rep. 765; Blackwell

v. Barett, 21 Alb. L. J. 277; Trotter v. Erwin, 27 Miss. 772; Borst v. Corey, 15 N. Y. 505.

BROADDUS, J.—The petition in this case was filed in the office of the circuit clerk of Clinton county, Missouri, on the twelfth day of August, 1899, and on the same day service was had on the defendants mentioned in the caption. On the twentieth day of September, 1899, and on the ninth day of the regular term of said court, the plaintiff was allowed to amend his petition by making Valentine Harmon and Richard Wear defendants, and the judgment then and there rendered shows that said Harmon and Wear entered their appearance, and that the defendants Wooderson, Maret and Kenney made default and the defendants' (without specifying which defendants) ''demurrer to the petition is taken up and overruled and all and singular the matters and things are submitted to the court upon the pleadings and the proof,'' etc., and the court finds for the plaintiff a balance due on his account $272.81 with interest at six per cent from March 22, 1894, and declares a lien on the premises described in the petition to the extent of his judgment.

On September 23, 1899, the defendants Harmon and Wear filed their motion to set aside, the judgment by default, and the other defendants also filed motion to set aside judgment by default and motion in arrest of judgment.

On the twenty-ninth day of March, 1900, on the twelfth day of the regular term of said court, the court sustained the motion of defendants Harmon and Wear to set aside said judgment of default and leave was given them to plead in twenty days after the adjournment of court; and the plaintiff was allowed ten days after adjournment to amend his petition by interlineation and the cause was continued until the next term. At the next term, 1900, the case was continued until

the next term, upon the application and at the cost of the plaintiff.

On the twelfth day of September, 1900, the plaintiff dismissed his suit against defendants Harmon and Wear. On the twenty-fifth day of September the motion in arrest of judgment, filed by the remaining and original defendants to suit, was taken up and sustained. It is from this judgment that the plaintiff has appealed. The petition reads as follows:

"George W. Shinn, Plaintiff,
          against
J. I. Wooderson, D. H. Maret, E. G.
     Kenney, Richard Wear and Val-
     entine Harmon, Trustees for the
     Calvary  Baptist  Church,  of
     Lathrop, Missouri, Defendants.

"Plaintiff states that on the seventh day of October, 1892, George W. Shinn, this plaintiff, and Valentine Harmon and Richard Wear, James B. Scott, Willmana Scott, his wife, Ed. L. Scott and Anna May Scott, his wife, conveyed to J. I. Wooderson, D. H. Maret and Geo. W. Shinn, lot 8 in block 24 in the city of Lathrop, Clinton county, Missouri, for the purpose of erecting and building thereon a church to be known as the Calvary Baptist Church of Lathrop. That on the —— day of ————, 1896, the members of said Calvary Baptist Church duly elected the above-named defendants Wooderson, Maret and Kenney as the successors of the said Shinn, Wear and Harmon, who are now the trustees for said church for the purpose of holding the title thereof and for the management of the business affairs thereof. That for the purpose of purchasing said lot and the erection of said church, the plaintiff furnished to said trustees the sum of $1,-812.96; that there has been paid on said sum by defendants the sum of $1,540.15, the amount of which will more fully appear by an itemized account which is here-

with filed and made a part of this petition, and marked 'Exhibit A.' That out of said sum so paid by plaintiff there remains due plaintiff $271.81, together with six per cent interest thereon, from March 22, 1894, the date of the last item in said account. Plaintiff says that it was understood and agreed by and between the plaintiff and the said other trustees and members of said congregation that if plaintiff would pay off and discharge the obligations of said church as aforesaid the plaintiff should, in case of the failure of said trustees to pay said sum, as aforesaid, then the said officers were to execute and deliver to plaintiff, a mortgage upon said lot for the balance of said sum. That the defendants have failed and refused to pay said sum although the same is now past due and has been demanded. Wherefore plaintiff prays judgment for the sum of $272.81, with six per cent interest thereon from March 22, 1894, and that the same be declared a mortgage and lien upon said lot and church building, and in case of the failure of defendants to pay said sum the same to be sold to satisfy said debt and interest, and for such other and further relief as plaintiff in equity may be entitled to have.

"F. B. Ellis, Att'y for Plaintiff."

An itemized account of moneys laid out and expended in behalf of the trustees of the church is attached to the petition. The last item according to the account was furnished March 22, 1895, but the petition alleges the date to have been March 22, 1894, and as it is the petition that we will have to consider and not the account, the latter date will be held as the true date.

The court arrested the judgment on the following motion, viz.: "1. That upon the record the judgment is erroneous. 2. That the petition does not state facts sufficient to constitute a cause of action against the defendants. 3. That the judgment and finding of the court is not responsive to the issue made by the plead-

ings.    4.    That the judgment is not sustained by the pleadings.    5.    That upon the face of the petition it is shown that plaintiff's cause of action is barred by the statute of limitation.''

It is claimed by the defendants that the petition shows that the account sued on is barred by the statute of limitation, the last item of the account having been furnished for more than five years before the beginning of the suit.    And as it is a matter that appears on the face of the petition, advantage can be taken of it by a motion in arrest of judgment.    If this suit was upon an open account, the position of the defendants is right and the judgment of the circuit court sustaining the motion in arrest of judgment should be affirmed.    But is this a suit upon an account as a legal proposition? The petition alleges that in 1896 the members of the Calvary Baptist Church, at Lathrop, Missouri, purposed to purchase a lot and build a church thereon, whereupon, through the trustees of the church, it was agreed between them and plaintiff, that plaintiff would furnish them the sum of $1,812.96 to pay for the lot and erect the church building thereon; that plaintiff furnished said amount; that the defendants agreed to repay said amount to the plaintiff; and that there still remains due to him the sum of $354.15 which the said trustees have failed and refused to pay; that said sum with interest amounting to $354.41 is now due him. Plaintiff further alleges that it was understood and agreed by and between the plaintiff and the said other trustees and members of said congregation, that if plaintiff would pay off and discharge the obligations of said church as aforesaid, then the said officers were to execute and deliver to plaintiff, a mortgage upon said lot for the balance of said sum; and that the defendants have failed and refused to pay said sum, although the same is now past due and been demanded. The lot on which the lien is sought to be enforced is lot

8, block 24 in the city of Lathrop, Clinton county, Missouri.

An inspection of the petition will show that it is inartificially drawn and is somewhat vague and indefinite, but it is sufficiently definite to gather the purpose of the pleader. It may be properly characterized as a defective pleading. In other words, it is a defective statement of a good cause of action, which is an objection that must be taken before trial and judgment, or the defect is waived.

The main question, however, remains, viz.: Is this a suit upon an account as the term is understood in law? It is true that the plaintiff filed an itemized account of the amount of money he expended, but in view of the other allegations of the petition we do not think it is a suit upon an account. The petition alleges that plaintiff agreed to furnish, for the use of the trustees in the purchase of the lot and for the purpose of building the church thereon, $1,812.96 upon an agreement that upon failure of the trustees to reimburse him, he was to have a mortgage upon the lot in question. The rendition of the account by items will be treated merely as evidence offered, upon the part of plaintiff, to show that in good faith he did pay out the amount he agreed with defendants to advance. The petition sets out that he furnished that amount to the trustees upon the understanding that if he was not repaid he was to have his lien upon the lot. The amount that he was to let the trustees have was agreed upon and fixed at the sum stated. It follows, then, this is not a suit upon an account, but a suit upon an agreement.

Is the agreement itself barred by the statute of limitation? If it was not in writing, it would be. As we have only the record proper before us there is no means of determining whether it was or not. However, the rule of law in this State is: "That when a petition declares on a contract, without disclosing whether it is in writing or rests in parol, it will be pre-

sumed to be the allegation of a valid contract. When the contract is not denied the statute must be specifically pleaded, but if the contract is denied, the statute may be invoked at the trial, but, if not then invoked it will be waived, as it is an affirmative defense.'' See Van Idour & Co. v. Nelson, Webb & Aylor, 60 Mo. App. 523, and cases therein cited. The contract in said suit not being denied by any answer (there being a judgment by default) must be taken as a valid contract, that is, a contract in writing. If then the presumption must prevail under the foregoing rule of pleading that the contract was a valid one, that is, in writing, neither the statute of frauds nor the statute of limitation can be invoked against the judgment. If in writing it is a valid contract, and one which may be enforced at any time within ten years. See R. S. 1899, sec. 4272.

It may not be amiss to state further that as the agreement of the trustees to repay the plaintiff the sum of money advanced by him, for them, to pay for the lot and erect the church in question, being presumed to be in writing in order to defeat the statute of frauds, independent of any other or further agreement, would entitle him to a judgment against the defendants as trustees for the amount they failed to repay him. Therefore, that part of the judgment for the amount of his claim, as well as that part enforcing his agreement for a lien on the lot, are each upheld as good in law. We can discover no good cause for the arrest of judgment herein. It is therefore ordered that the cause be remanded, with directions to the circuit court to set aside its judgment of arrest, and that said original judgment be restored in all particulars. All concur.

## ON MOTION FOR REHEARING.

BROADDUS, J.—On motion for rehearing it is suggested that the original judgment which allowed plaintiff interest on the principal sum from the twenty-

second day of March, 1894, was in that respect erron-
eous, because there was no date of demand alleged in
the petition.   Upon examination we find that the. peti-
tion alleges that plaintiff did make demand for his
claim, but does not state at what time it was made.  It is
the law that demand (where, of course, there is no
agreement to pay interest) must be alleged and proved
before interest can be allowed.    Phillips v. Laclede
county, 76 Mo. 68; Southgate v. Railroad, 61 Mo. 89,
and other cases.   As the petition does not allege that
payment was demanded at any particular date, it is in
effect as if no demand had been made at any time.
Not knowing what grounds the trial court had for set-
ting aside the judgment, as the point was not called to
our attention when the case was originally submitted,
we did not notice this defect in the judgment.  As the
suit was not commenced until the twelfth day of Aug-
ust, 1899, the amount of interest allowed from the
twenty-second day of March, 1894, was in excess of
what the plaintiff was entitled to under the allegations
of his petition.

This case illustrates the necessity of submitting to
the appellate courts all questions upon which a party
relies for either reversing or sustaining the judgment
of a trial court.   And if this question was raised for
the first time for the purpose of overturning the judg-
ment of a circuit court, it would be disregarded; but
as it is our duty to uphold such judgments when cor-
rect, we do not feel at liberty even now to decline to
do so.

It follows, therefore, that the motion for a rehear-
ing should be sustained, and the cause affirmed.