JOHN H. RODEMAN, Respondent, v. FINETTIE SMITH, Executrix, etc., Appellant.

In the Kansas City Court of Appeals, December 4, 1922.

1. **LIMITATION OF ACTIONS: Account Stated: Where Balance on an Account Stated was Carried Forward as a Part of a New Account, not Barred by Statute of Limitations.** The balance on an account stated being carried over in the first item of an account for the year following was not barred by the Statute of Limitations where the subsequent yearly balances were likewise carried forward as a part of a new account.

2. **———: ———: Where There was no Evidence That an Item of Account was a Cash Item, Court Could not so Declare as a Matter of Law.** Where an entry shows a charge of $18 and on the same day appears a credit, "Paid by check $18," *held* not alone sufficient to show as a matter of law that the item of $18 was a cash item which would not keep the account alive.

3. **PARENT AND CHILD**: Agency: Evidence Held Insufficient to Show Agency of Son in Purchase of Merchandise for Father. In a suit on a running account, evidence *held* insufficient to show that son was agent of father in purchasing merchandise constituting part of the account for the father.

4. **EVIDENCE**: Books of Account: Where Only Proof as to Correctness of Ledger Books was That They Were Books of Defendant and Made by the Witnesses Testifying for Defendant, Held Improperly Admitted in Evidence. Where the only proof made in reference to the correctness of ledger books introduced in evidence by plaintiff to establish an account for goods sold and delivered was that they were defendant's books and were made by the witness testifying, *held* that the books were improperly admitted in evidence.

5. **INSTRUCTIONS**: Interest: Demand: Pleading: An Instruction Permitting Recovery of Interest from Time of Rendering Account to Debtor to Date of Filing of Suit, Held Erroneous as Petition Failed to Allege Demand was Made and Date Thereof. In a suit on an account where there was no agreement to pay interest, an instruction that jury might allow interest upon the account from date it was rendered to debtor to the date of filing of suit, no time being stated in petition as to date upon which demand was made, *held* erroneous as petition must allege that demand was made and date thereof.

Appeal from the Circuit Court of Cole County.—*Hon. John G. Slate*, Judge.

REVERSED AND REMANDED.

*Ira H. Lohman* and *David W. Peters* for appellant.

*Irwin & Haley* for respondent.

BLAND, J.—This action, begun on June 21, 1921, is upon an open running account. Defendant denied the indebtedness and pleaded the Statute of Limitations. There was a verdict and judgment for plaintiff in the sum of $1060.83, and defendant has appealed.

The facts show that plaintiff was a retail dealer in hardware and farm machinery at Jefferson City, Mis

souri. E. C. Smith, deceased, was, prior to his death, a farmer residing in Cole County. Defendant is the executrix of his will. Deceased purchased merchandise from plaintiff from the year 1903 to a few years before his death. The first item of the account is dated January 3, 1903, the last is dated February 4, 1918, and purports to cover a transaction had on that day. Defendant contends that all of the items of the account, excepting the one of October 4, 1916, for $18 and two items of September 14, 1917, for $4.45 and an item of February 4, 1918, for $13, are barred by the Statute of Limitations, and it is further contended that even these items were improperly charged.

In the latter part of 1911 plaintiff's bookkeeper presented the account to deceased and demanded payment; shortly afterwards deceased paid $120 on the account. It is contended by the defendant that this constituted an account stated between the parties and that plaintiff was not entitled to recover for any of the items prior to that date for the reason that they were barred by the Statute of Limitations.

Assuming that there was an account stated at that time, it is apparent that it was not barred for the reason that the account was carried over in the first item of the account for 1912. The 1912 and all subsequent yearly balances were likewise carried forward respectively to the following year as a part of a new account. This was done up to the time of the suit. Defendant fails to recognize the distinction between the right to surcharge or falsify the items of an account stated, even though the account is carried into the new open account, after the running of the period of limitations, and the right to plead the Statute of Limitations where the balance of the account stated has been made an item in the new account. As was stated in Union Bank v. Knapp, 20 Mass. 96, 111—

"That balance constitutes one of the items of the new account; and if the new account shall run on mu-

tually to a time within six years (the period of limitation), that balance, although arising more than six years before, will be saved and drawn out, as it is sometimes expressed, from the operation of the statute, by the charges which are within six years."

and again at page 113—

"If, for example, one of the items should be a sum of money, being the balance of a former account settled more than six years before the action, it would be protected from the operation of the statute by the items which are within six years." [See also Angell on Limitations (6 Ed.), p. 147.] The case of Estes v. Shoe Co., 54 Mo. App. 543, contains nothing against this rule but rather recognizes it.

As to the improper charge of the items referred to supra, the entry on October 4, 1916, shows a charge of $18 and on the same day appears a credit in words as follows, "Paid by check $18." From this circumstance it is contended that the account shows that the item of $18 was a cash item and therefore is not sufficient and may not be taken into consideration to keep the account alive. While it may have been that this was a cash item, this circumstance alone is not sufficient for us to state as a matter of law that it was. There is no direct evidence that this was a cash item and on its face it does not so state.

Defendant's evidence tends to show that the two items of September, 1917, and the item of February 4, 1918, were purchased by the son of deceased and were charged to the son's account, he having testified that he also had a running account with plaintiff. Plaintiff's son, who was his bookkeeper, testified that he asked his father how to charge the purchases covered by the items of February 4, 1918, and that the father answered that they were for Mr. Smith, and when asked, "Which one," replied, "For the old man," and he charged them to the deceased. It is admitted that the son of deceased purchased the merchandise covered by the item of February

4, 1918, but plaintiff contends that the son acted as agent for his father in making the purchase. In rebuttal plaintiff took the stand and denied that deceased's son told plaintiff to charge the 1918 items to the son; that deceased's son told plaintiff to charge these items to his father. Deceased's son had testified that the father had bought ten thousand bushels of corn and had hired his son at five cents per bushel to haul the corn for him and that he, the son, had purchased the scoop boards, covered by one of the items of February 4, 1918, to shovel it; that he had not been authorized by his father to buy anything from plaintiff during the ten years prior to the trial, which was on the 9th day of February, 1922. We think there is no question but that there is not sufficient evidence to show agency on the part of the son of deceased. [Rector v. H. K. Mulford Co., 185 S. W. 255; Renick v. Brooke, 190 S. W. 641; Monument Plumbing Supply Co. v. Dittmeier, 223 S. W. 818.] The burden of proving agency was upon plaintiff. [Fruit Auction Co. v. Quattrocchi & Son, 200 S. W. 709; Johannes v. Union Fuel Co., 199 S. W. 1032; Renick v. Brooke, supra.] No facts were brought out sufficient to show ratification or estoppel on the part of deceased.

However, plaintiff failed to properly prove his account and, even if it be assumed that the item of October 4, 1916, was within the five-years limitation period and for that reason the account covering purchases before that time was not barred by the Statute of Limitations, the instruction in the nature of a demurrer to the evidence offered by defendant should have been given. The court allowed the account to be proved by the ledger books of plaintiff. The only proof made in reference to the correctness of these books was that they were defendant's books and were made by the witnesses testifying. Objection was made to the introduction in evidence of the books and the account. The court should have sustained these objections.

In Lyons v. Corder, 253 Mo. 539, 549, the Supreme Court said that account books—

Rodeman v. Smith.

". . . should be admitted in evidence independently and even in favor of the party for whom they were kept, provided such acocunt books were original entries, fair upon their face, and shown to have been kept in the usual course of business, and the entries thereon were concomitantly made with the happening of the facts re-corded, and herefore constitute a part of the *res gestae*." [Anchor Milling Co. v. Walsh, 108 Mo. 1. c. 284, 285.] These requirements were not met by plaintiff.

The court erred in instructing the jury that they might allow interest upon the account rendered deceased in 1911 from that date to the date of the filing of the suit. No time is stated in the petition as to the date upon which demand was made. While the petition asks for interest generally upon the whole amount sued for "from the date of demand," this was not sufficient to permit the recovery of interest on the account rendered in 1911 from the date of its rendition. Where there is no agreement to pay interest the petition must allege that there was a demand for it and the date upon which the demand was made. [Shinn v. Wooderson, 95 Mo. App. 6, 15.]

The judgment is reversed and the cause remanded. All concur.